UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNA BURKE and JOHN BURKE, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-4543 |
| | § | |
| HOPKINS LAW, PLLC, MARK DANIEL HOPKINS and SHELLEY LUAN HOPKINS, | § § § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' DISCOVERY / CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Defendants Hopkins Law, PLLC, Mark Daniel Hopkins and Shelley Luan Hopkins submit this Discovery & Case Management Plan.

1. State where and when the conference among the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   RESPONSE: The joint conference has not been held. Defendant sent a copy of this proposed plan to Plaintiffs, but Plaintiffs did not respond.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   RESPONSE: *John Burke and Joanna Burke v. Ocwen Loan Servicing, LLC*, Case No. 4:18- CV-4544 in the United States District Court for the Southern District of Texas, Houston Division.[1]

3. Briefly describe what the case is about.

---

[1] While this is the only current action pending related to this one, other actions involving the Burkes related to the same facts include the following: (1) *John Burke and Joanna Burke v. Indymac, et al.*, Case No. 4:11-CV-00641 in the U.S. District Court for the Southern District of Texas; (2) *Deutsche Bank v. John Burke & Joanna Burke,* Case No. 4:11-CV-01658 in the U.S. District Court for the Southern District of Texas and its appeals, (3) Case No. 15- 20201 in the U.S. Court of Appeals for the Fifth Circuit and (4) Case No. 18-20026 in the U.S. Court of Appeals for the Fifth Circuit.

RESPONSE:

A.  **Plaintiffs allege** that Defendants, the attorneys for their mortgagee (Deutsche Bank) and mortgage servicer (Ocwen) are liable to them for violation of (1) legal malpractice, (2) civil conspiracy, (3) fraud, (4) negligent misrepresentation, (5) violation of Tex. Civ. Prac. & Rem. Code §12.002, (6) violation of Texas Finance Code and (7) violation of the Fair Debt Collection Practices Act.

B.  **Defendants assert** that after Plaintiffs lost extended legal battle regarding the foreclosure of their Property with Deutsche Bank National Association ("Deutsche Bank"), Plaintiffs mistakenly blame counsel for Deutsche Bank for their loss and have therefore filed this suit against the attorneys and their firm.

4. Specify the allegation of federal jurisdiction.

    RESPONSE:

    Defendants removed the case from the Harris County District Courts on federal question jurisdiction based upon Plaintiffs allegations of 15 U.S.C. §1692, the Fair Debt Collection Practices Act ("FDCPA"),[1] See Complaint [Doc.1-3].

    Plaintiffs filed a motion to remand to state court.

5. Name the parties who disagree with the Plaintiff's jurisdictional allegations and state their reasons.

    RESPONSE: Plaintiffs and Defendant disagree regarding the existence of federal question jurisdiction. The Defendant's position is set out in response to Question No. 4 above.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted, if any.

    RESPONSE: Defendant does not anticipate the need to add additional parties at this time.

7. List anticipated interventions, if any.

    RESPONSE: Defendant does not anticipate interventions at this time.

8. Describe class-action issues, if any.

    RESPONSE: Defendant does not believe class-action issues are applicable.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The Parties have not exchanged initial disclosures.

10. Describe the proposed agreed discovery plan, including:

   a. Responses to all the matters raised in Rule 26(f)

   RESPONSE: The Defendants will send Rule 26(a) disclosures within ten (10) days of ruling on the pending Motion to Dismiss, Motion to Remand and Motion to Stay.

   b. When and to whom the Plaintiff anticipates it may send interrogatories.

   RESPONSE: Defendant is unsure if Plaintiffs will send interrogatories.

   c. When and to whom the Defendants anticipates they may send interrogatories.

   RESPONSE: Defendant intends to send interrogatories to Plaintiffs within 60 days after receipt of Plaintiffs' Rule 26(a) disclosures.

   d. Of whom and by when the Plaintiff anticipates taking oral depositions.

   RESPONSE: Defendant is unsure if Plaintiffs will take depositions.

   e. Of whom and by when the Defendants anticipates taking oral depositions.

   RESPONSE: Defendant will take the depositions of Plaintiffs.

   f. When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

   RESPONSE: Defendant is unsure if Plaintiffs will designate experts.

   g. List expert depositions the Plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

   RESPONSE: Defendant is unsure if Plaintiffs will take expert depositions.

   h. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

   RESPONSE: Defendants will take the deposition of any expert identified by Plaintiff in connection with this lawsuit by the end of August 2019.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    RESPONSE: Defendants have not discussed the discovery plan with Plaintiffs, other than requesting input on this document.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    RESPONSE: No discovery has taken place to date.

13. State the date the planned discovery can reasonably be completed.

    RESPONSE: October 1, 2019.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    RESPONSE: None.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    RESPONSE: N/A.

16. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    RESPONSE: Defendant does not believe alternative dispute resolution would be effective in this matter.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    RESPONSE: Defendants do not consent to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    RESPONSE: Plaintiff has made a jury demand.

19. Specify the number of hours it will take to present the evidence in this case.

    RESPONSE: Defendants will take 3 trial hours to present their evidence. Defendant is unsure how long Plaintiffs will take to present evidence.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

> RESPONSE: Defendant's Motion to Dismiss, Plaintiffs' Motion to Remand and Plaintiffs' Motion to Stay.

21. List other pending motions.

    RESPONSE: None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    RESPONSE: None.

23. List and summarize all issues pending in the case. Include a statement that counsel have met and agreed on the summation list of issues.

    RESPONSE: None at this time.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    RESPONSE:

Attorneys for Defendants:

Mark D. Hopkins
State Bar No. 00793975
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW PLLC
3809 Juniper Trace, Suite 101
Austin, Texas 78738
Telephone: (512) 600-4320
Email: mark@hopkinslawtexas.com
Email: shelley@hopkinslawtexas.com

        Respectfully Submitted,

        **HOPKINS LAW, PLLC**

        */s/ Shelley L. Hopkins*
        **Shelley L. Hopkins**
        State Bar No. 24036497
        Southern District ID No. 926469
        **Mark D. Hopkins**, *Attorney in Charge*
        State Bar No. 00793975

Southern District ID No. 20322
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320
(512) 600-4326—Facsimile
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

**VIA CM/RRR # 7015 1520 0001 3934 2122**
**AND VIA E-MAIL:**
John Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339

**VIA CM/RRR # 7015 1520 0001 3934 2139**
**AND VIA E-MAIL:**
Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339

PRO SE PLAINTIFFS

                    */s/ Shelley L. Hopkins*
                    Shelley L. Hopkins