UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOANNA BURKE and JOHN BURKE, § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Civil Action No. 4:18-cv-4543 |
| § | |
| HOPKINS LAW, PLLC, MARK § | |
| DANIEL HOPKINS and SHELLEY § | |
| LUAN HOPKINS, § | |
| § | |
| *Defendants.* § | |

## DEFENDANTS' SUPPLEMENT TO MOTION TO DISMISS

Pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Hopkins Law, PLLC, Mark Daniel Hopkins, and Shelley Luan Hopkins (hereinafter "Attorney Defendants"), files this Supplement to the Motion to Dismiss [Doc. 6]. In supplement to the Motion to Dismiss, Attorney Defendants would respectfully show the Court the following:

1.  Plaintiffs sued Mark D. Hopkins and Shelley L. Hopkins and their law firm, Hopkins Law, PLLC, due to Plaintiffs unsuccessful protracted litigation seeking to avoid foreclosure of real property located in Harris County, Texas. As detailed in Defendants' Motion to Dismiss ("Defendants' Motion") [Doc. 6], Defendants herein have at all times represented parties in an adversarial context with respect to Plaintiffs[1].

---

[1] *Deutsche Bank v. John Burke, et al,*; Civil Action No. 4:11-CV-01658; in the Southern District of Texas, Houston Division; Case No. 15-2021 in the U.S. Court of Appeals for Fifth Circuit (reversed and remanded for review of foreclosure requirements)("First Appeal"); Case No. 18-20026 in the U.S. Court of Appeals for Fifth Circuit (reversed and rendered for issuance of foreclosure judgment) ("Second Appeal"); *John Burke and Joanna Burke v. Ocwen Loan Servicing, LLC*, Case No. 4:18-CV-4544 in the United States District Court for the Southern District of Texas, Houston Division ("Ocwen Litigation").

2.      Defendants filed their Motion to Dismiss on December 10, 2018 [Doc. 6] seeking dismissal of all of Plaintiffs' claims based upon attorney immunity and failure to state a claim.

3.      Plaintiffs' Response to the Motion to Dismiss was due on December 31, 2018. As of filing this Supplement, Plaintiffs have not filed a response to Defendants' Motion.[2]

4.      In lieu of filing a response, Plaintiffs requested this Court stay the case [Doc. 7] stay the case due to the Christmas season and their lack of access to e-filing.[3]

5.      As briefed in Defendants' Motion (See Doc. 6 at ¶¶ , Plaintiffs mistakenly relied upon *McCamish v. F.E. Appling Interests*, 991 S.W.2d 787 (Tex. 1999) for the proposition that they could assert a legal malpractice and a negligent misrepresentation case against attorneys for their adversary.  At the beginning of the year, the Fifth Circuit discussed the *McCamish* opinion and held, that attorney immunity does apply to negligent misrepresentation claims.  *Ironshore Europe DAC v. Schiff Hardin, LLP,* 2019 WL 74715 (5th Cir. Jan. 2, 2019)[4].  In that case, the Fifth Circuit found that, as with the normal application of attorney immunity, if the conduct complained of falls within the scope of the attorney or firm's representation of its client, immunity applies.  As this opinion was released on January 2, 2019, it was not available at the time of filing the Motion to Dismiss and therefore Defendants file this supplement.

---

[2] Though Plaintiffs' failed to respond to Defendants' Motion, they have been busy filing requests to intervene in federal cases through the United States District Courts.  The Plaintiffs recent filings include motions to intervene in the following case:  (1) *CFPB v. Ocwen, et al.*, Case No. 9:17-cv-80495 in the U.S. District Court for the Southern District of Florida, West Palm Beach Division [Doc. 220]; (2) *Parra v. Ocwen Loan Servicing,* LLC; Case No. 1:18-cv-05936 in the U.S. District Court for the Northern District of Illinois, Eastern Division [Doc. 29 and Doc. 30] filed January 16, 2019; and (3) *In Re Syngenta AG MIR 162 Corn Litigation,* Case No. 2:14-md-02591 in the U.S. District Court for the District of Kansas [Doc. 4065 and Doc. 4066].

[3] From the various motions to intervene filed by the Burkes since January 1, 2019, it appears their request to stay the case was filed in bad faith.

[4] A copy of *Ironshore Europe DAC v. Schiff Hardin, LLP,* 2019 WL 74715 (5th Cir. Jan. 2, 2019) is attached hereto.

6.   Defendants request that their Motion to Dismiss be granted and Plaintiffs' claims be dismissed with prejudice as to refiling. See *FinServ Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 676 (S.D. Tex. 2010).

## IV.
## PRAYER

Pursuant to the reasons set out herein, Hopkins Law, PLLC, Mark Daniel Hopkins and Shelley Luan Hopkins respectfully request that the Court dismiss Plaintiffs' Complaint against them for failure to state a claim upon which relief can be granted and further requests that the Court grant them any and all additional relief, whether at law or in equity, to which they may be justly entitled.

Respectfully Submitted,

**HOPKINS LAW, PLLC**

*/s/ Shelley L. Hopkins*
**Shelley L. Hopkins**
State Bar No. 24036497
Southern District ID No. 926469
**Mark D. Hopkins**, *Attorney in Charge*
State Bar No. 00793975
Southern District ID No. 20322
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320
(512) 600-4326—Facsimile
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of January 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

**VIA CM/RRR # 7015 1520 0001 3934 2122**
**AND VIA E-MAIL:**
John Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339

**VIA CM/RRR # 7015 1520 0001 3934 2139**
**AND VIA E-MAIL:**
Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339

**PRO SE PLAINTIFFS**

                                                  */s/ Shelley L. Hopkins*
                                                  Shelley L. Hopkins