UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOANNA BURKE and JOHN BURKE, § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Civil Action No. 4:18-cv-4543 |
| § | |
| HOPKINS LAW, PLLC, MARK § | |
| DANIEL HOPKINS and SHELLEY § | |
| LUAN HOPKINS, § | |
| § | |
| *Defendants.* § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION TO AMEND COMPLAINT FOR THE SECOND TIME**

Defendants Hopkins Law, PLLC, Mark Daniel Hopkins, and Shelley Luan Hopkins (hereinafter "Attorney Defendants"), files this Response in Opposition to Plaintiffs' Motion to Amend Complaint for the Second Time. [Doc. 31]. Attorney Defendants would respectfully show the Court as follows in support of their Response:

**I.**
**Litigation History**

1.   On November 13, 2018, Plaintiffs Joanna Burke and John Burke filed their Original Petition (the "Complaint"), *Joanna Burke and John Burke v. Hopkins Law, PLLC, Mark Daniel Hopkins and Shelley Luan Hopkins;* Cause No. 2018-81593, in the 55th Judicial District Court of Harris County, Texas asserting numerous causes of action against Attorney Defendants. As readily admitted by Plaintiffs[1], their sole connection with Attorney Defendants is the Attorney Defendants' legal representation of Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2007-A8 Mortgage Pass-Through Certificates, Series 2007-H Under the

---

[1] *See* Plaintiffs' Complaint at P. 7.

Pooling and Servicing Agreement Dated June 1, 2007 ("Deutsche Bank") and Ocwen Loan Servicing, LLC ("Ocwen") in the litigation, appeals and all subsequent litigation, stemming from *Deutsche Bank v. John Burke, et al,*; Civil Action No. 4:11-CV-01658; in the Southern District of Texas, Houston Division ("Foreclosure Litigation" and collectively "Prior Litigation").

2. Attorney Defendants removed the matter to this Court based upon Plaintiffs' claim for violation of 15 U.S.C. §1692, the Fair Debt Collection Practices Act ("FDCPA"), thus federal question jurisdiction on this Court. Attorney Defendants also filed a Motion to Dismiss the Original Complaint. [Doc. 6].

3. The Burke's Motion to Remand was denied [Doc.23]. However, the Court did grant the Burkes leave to file an amended complaint. [Doc. 23]. The Burkes filed their Amended Complaint on March 29, 2019, the Amended Complaint simply outlining in grander fashion the Burkes extreme dislike for mortgagees, and the attorneys who represent mortgagees. [Doc. 27].

4. Attorney Defendants thereafter filed a Motion to Dismiss the Amended Complaint. [Doc. 28]. The Burkes filed a "Motion to Amend Complaint for the Second Time" [Doc. 31] and Attorney Defendants oppose the Burkes' latest request. The Burkes have also been busy trying to air their grievances against Attorney Defendants and mortgagees by attempting to intervene in various class actions pending around the country, such as *In Re Syngenta AG MIR162 Corn Litigation;* Cause No. 2:14-md-0259, In the United States District Court for the District of Kansas. (Doc. 4065, the Burke's Motion to Intervene); *Consumer Financial Protection Bureau v. Ocwen Financial Corp., et al.*, Civil Action no. 9:17-CV-80495; In the United States District Court for the Southern District of Florida. (Doc. 220, the Burke's Motion to Intervene); and *Parra, et al. v. Ocwen Loan Servicing, LLC;* Civil Action No. 1:18-cv-05936; In the United States District Court for the Northern District of Illinois, Eastern Division. (Doc. 29, the Burke's Motion to Intervene).

5. The Burkes have had ample opportunity to sharpen their arguments and investigate their claims as demonstrated by the Burkes': (1) previously filed Amended Complaint herein [Doc. 27]; (2) three attempted interventions into various class actions; (3) the Burkes' litigation against Ocwen pending before this Court (Case No. 4:18-cv-4544); and the litigation against Deutsche Bank that culminated in the published opinion *Deutsche Bank Nat'l Trust Co. v. Burke,* 902 F.3d 548 (5th Cir. 2018). For the Burkes to argue that more time is now needed for them to investigate their claims, after over ten years of litigation, is disingenuous.

## II.
## Argument

6. Federal Rule of Civil Procedure 15 addresses a party's right to amend pleadings. A court's grant of leave to amend "is by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir.). In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Will v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993). Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and the court's ruling is reversible for an abuse of discretion. *Oversees Inns. S.A.P.A. v. United States,* 911 F.2d 1146 (5th Cir. 1990).

7. **Bad faith or dilatory motive.** One factor a court should examine in evaluating whether to grant a motion for leave to amend is whether the request is brought in bad faith or as a dilatory motive on the part of the movant. The Burkes' repeated efforts at "re-litigating" their case against their mortgage company (and anyone tangentially connected to the mortgage company) is vexatious. The Burkes' attempts to cause delay through their dilatory tactics has already been

recognized by the Fifth Circuit. See, *Deutsche Bank National Trust Co. v. Burke,* 902 F.3d 548 (5th Cir. 2018)("Given nearly a decade of free living by the Burkes, there is no injustice in allowing that foreclosure to proceed.).

8. **Previous failure to cure pleading deficiencies.** Another factor a court should examine in evaluating whether to grant a motion for leave to amend is whether the litigant has been previously given the right to amend, and the litigant failed to cure their pleading deficiencies. Herein, the Burkes were previously given the liberty to re-plead their case. In fact, the Burkes had the full benefit of having the Attorney Defendants' first Motion to Dismiss before them [Doc. 6] when the Burkes filed their First Amended Complaint. [Doc. 27].

9. In addition to the foregoing, one court from the Southern District has held that, "Although courts have typically considered "repeated failure to cure deficiencies" with respect to multiple amendments filed by a party in the context of a particular case, this Court believes that a party's repeated failure to heed a court's prior rulings against it in other proceedings may properly be considered when determining whether to grant that party leave to amend…". *In re DePugh,* 409 B.R. 84, 104 (S.D. Tex. 2009). At a minimum, the Burkes continued their vexatious ways in at least five lawsuits (as identified above) in the past year alone. After filing motion after motion in the Southern District, the Burkes now describe this case as as "trial by roman candle" and "processed by this Court on a "sham" basis" given that "The two Burke cases before this Court have been processed to-date in this Court by "sham proceedings"…". [Doc. 27, fn. 1]. The Burkes have had their day(s) in court and are well aware of the legal deficiencies in their pleadings.

10. **Amendment is futile.** Yet another factor a court should examine in evaluating whether to grant a motion for leave to amend is whether granting amendment would be futile. Amendment of the Burkes' pleading (again) would be futile given black letter law from both the

Fifth Circuit and the Texas Supreme Court clarifying that attorneys have qualified immunity from the attacks of litigants like the Burkes. See, *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341 (5th Cir. 2016); *Cantey Hanger, L.L.P. v. Byrd,* 467 S.W.3d 477 (Tex. 2015).

11. Yesterday the Fifth Circuit issued another opinion on attorney immunity. In *Troice v. Greenberg Traurig, LLP,* the Fifth Circuit took head on the issue of whether supposed criminal conduct on the part of an attorney is an exception to attorney immunity. Specifically, the court examined with an attorney who had performed legal services on behalf of a client engaged in a Ponzi scheme could also be subjected to liability from third parties who were the victims of the scheme. The Fifth Circuit concluded, that work performed by an attorney, that involves the provision of legal services, is protected by immunity (whether classified by others as wrongful, fraudulent or criminal). See, *Troice v. Greenberg Traugig, L.L.P.,* 2019 WL 1648932 (5th Cir., April 17, 2019). Identical to *Troice,* Attorney Defendants herein are immune from liability to third parties such as the Burkes in connection with legal services that Attorney Defendants provided to Deutsche Bank and Ocwen. Allowing the Burkes to re-plead (again) would be futile in light of the foregoing.

## PRAYER

Pursuant to the reasons set out herein, Hopkins Law, PLLC, Mark Daniel Hopkins and Shelley Luan Hopkins respectfully request that the Court deny Plaintiffs' Motion for Leave to Amend Petition for the Second Time, and grant Defendants all other relief to which they may be justly entitled.

    Respectfully Submitted,

    **HOPKINS LAW, PLLC**

    <u>*/s/ Mark D. Hopkins*</u>
    **Mark D. Hopkins**, *Attorney in Charge*
    State Bar No. 00793975
    Southern District ID No. 20322
    **Shelley L. Hopkins**
    State Bar No. 24036497
    Southern District ID No. 926469
    3809 Juniper Trace, Suite 101
    Austin, Texas 78738
    (512) 600-4320
    mark@hopkinslawtexas.com
    shelley@hopkinslawtexas.com

    ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 18th day of April 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

**VIA CM/RRR # 7018 1830 0000 7292 0693**
**AND VIA E-MAIL:**
John Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339

**VIA CM/RRR # 7018 1830 0000 7292 0709**
**AND VIA E-MAIL:**
Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339

**PRO SE PLAINTIFFS**

             */s/ Mark D. Hopkins*
             Mark D. Hopkins