UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNA BURKE and JOHN BURKE, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-4543 |
| | § | |
| HOPKINS LAW, PLLC, MARK DANIEL HOPKINS and SHELLEY LUAN HOPKINS, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS DESIGNATIONS

Defendants Hopkins Law, PLLC, Mark Daniel Hopkins and Shelley Luan Hopkins ("Defendants") file this Motion to Strike Plaintiff's Designation of Expert Witnesses Designations, and respectfully show as follows:

1. On April 30, 2019, Plaintiffs John Burke and Joanna Burke (the "Burkes") filed *Plaintiffs Rule 26 Designation of Experts* ("Designations") [Doc. 36] disclosing Honorable Stephen Wm. Smith, Connie Pfeiffer, Fatima Hassan Ali, Benjamin J. Siegel, Ben M. Harrington, Steve W. Berman, Joanna Burke, John Burke, Edward L. Kuo, Khilan Pindoria, and Swapan Dubey as expert witnesses in this matter.

2. Plaintiffs appear to confuse expert testimony with fact witness testimony and designate themselves, all of their prior appellate counsel, and the former U.S. Magistrate Judge in the Previous Litigation[1] as testifying experts in this lawsuit.

---

[1] "Previous Litigation" references *Deutsche Bank v. John Burke, et al,*; Civil Action No. 4:11-CV-01658; in the Southern District of Texas, Houston Division and the two appeals stemming from that lawsuit - Case No. 15-2021 in the U.S. Court of Appeals for Fifth Circuit (reversed and remanded for review of foreclosure requirements)("First

3. Plaintiffs should be struck as testifying experts in their own case as they are not qualified to be an expert.

4. Further, Plaintiffs' counsel from Prior Litigation and the former U.S. Magistrate Judge are not properly designated as experts, rather they are described as providing factual testimony.  Plaintiffs specify that all of their prior counsel will attest to facts of the case for the period of his/ her appointing including relevant documents, motions, meetings, mediations and phone calls.[2] [Doc. 36] Plaintiffs further state that no report has been prepared or is anticipated.[3] Plaintiffs also specified multiple medical doctors as experts, but as with all other experts, stated that no report would be prepared.  All of Plaintiffs experts should be struck because Plaintiffs designations did not comply with the Federal Rules of Civil Procedure.

**Legal Standard**

5. Federal Rule of Evidence 702 dictates that expert testimony is admissible only when the witness is "qualified as an expert by knowledge, skill, experience, training, or education." FED. R. EVID. 702. Courts have interpreted Rule 702 to require that this knowledge, skill, experience, training, or education directly relate to the precise issues for which the expert's testimony is offered. *See, e.g.*, *Ford v. Pennzoil*, 974 F. Supp. 559, 563-64 (E.D. La. 1997), *aff'd*, 200 F.3d 816 (5th Cir. 1999) (unpublished disposition). In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the U.S. Supreme Court instructed courts to function as gatekeepers with respect to determining whether proposed expert testimony should be presented to the jury. 509 U.S. 579, 590-93 (1993).  Expert testimony is admissible only if it helps "the trier of fact," through

---

Appeal"); Case No. 18-20026 in the U.S. Court of Appeals for Fifth Circuit (reversed and rendered for issuance of foreclosure judgment) ("Second Appeal").

[2] *See Plaintiffs' Designations* at ¶¶ 2-6.

[3] *See Plaintiffs' Designations* at ¶¶ 2-6.

application of scientific, technical, or specialized expertise, "to determine *a fact* in issue." FED. R. EVID. 702(a) (emphasis added); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). And, to prevent unnecessary, unfounded, and unreliable opinions from being presented to the jury under the guise of expert testimony, trial courts must determine if the "expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. Thus, the party offering expert testimony has the burden to prove by a preponderance of the evidence that: (1) the proffered expert is qualified; (2) the proposed testimony is relevant to an issue in the case; and (3) the testimony is reliable. See *Id*. at 590-91.

**Plaintiffs' Expert Disclosure Does Not Comply With the Federal Rules of Civil Procedure**

6. First, Defendants request that the Court strike Plaintiffs' expert witnesses including Honorable Stephen Wm. Smith, Connie Pfeiffer, Fatima Hassan Ali, Benjamin J. Siegel, Ben M. Harrington, Steve W. Berman, Joanna Burke, John Burke, Edward L. Kuo, Khilan Pindoria, and Swapan Dubey because Plaintiffs wholly failed to comply with the Federal Rules of Civil Procedure in their disclosure of experts. Plaintiffs fail to designate whether the experts have been retained and therefore, must provide a written report under Federal Rule of Civil Procedure 26(a)(2)(B). If not retained, Plaintiffs still fail to comply with Federal Rule of Civil Procedure 26(a)(2)(C) for non-retained experts as they did not provide sufficient information to comply with Fed. R. Civ. P. 26(a)(2)(C)(i) and (ii).

7. As Plaintiffs indicate in their designations that no report will be forthcoming for each and every expert witness identified,[4] Defendants assume they are all unretained and therefore their designations must comply with Fed. R. Civ. P. 26(a)(2)(C)(i) and (ii). Fed. R. Civ. P.

---

[4] *Plaintiffs' Designations* at Doc. 36.

26(a)(2)(C) requires Plaintiffs identify (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702,703 or 703; and (ii) a summary of the facts and opinions to which the witness is expected to testify.  The purpose of Fed. R. Civ. P. 26(a)(2)(C) is "to ensure that an opposing party has some notice of what the non-retained expert will testify about." *Nerium SkinCare, Inc. v. Nerium Int'l LLC,* 2018 WL 3520840 (N.D. Tex. July 3, 2018) citing *Everett Financial, Inc. v. Primary Residential Mtg., Inc.*, No. 3:15-CV-1028-D, 2017 WL 90366 at *2 (N.D. Tex. Dec. 19, 2016).  A proper Rule 26(a)(2)(C) disclosure must state opinions, not merely topics of testimony, and must contain a summary of facts upon which the opinions are based. *Id.*  Plaintiffs' designations wholly fail to comply with the Federal Rules of Civil Procedure as the designations provide no information as to the subject matter the experts are to present evidence and fails to provide a summary of the facts and opinions to which the witness is expected to testify.

**Plaintiffs Should be Struck as Expert Witnesses**

8. Even if the Court allows Plaintiffs' designations of their other purported experts, Plaintiffs themselves should be prohibited from providing any "expert" testimony.  For an expert's testimony to be relevant, the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591. Plaintiffs' designations fail to articulate the expert testimony that they will purportedly provide.  While Plaintiffs may have factual testimony, they lack any foundation for testifying as experts in regard to this case.  Any expert testimony provided by Plaintiffs regarding their opinions of Defendants are simply irrelevant. Plaintiffs should therefore be precluded from offering any such "expert" testimony.

9. Moreover, Plaintiffs do not possess, nor have they asserted that they possesses, any knowledge, skill, experience, training, or education directly related to the cause of action asserted

by Plaintiffs in this lawsuit. Under such circumstances, striking the expert designation is appropriate. See Order on Motion to Strike, *Robert Singha et al. v. BAC Home Loans Servicing, LP*, et. al., No. 4:10-cv-692 (E.D. Tex. July 13, 2012); see also Order on Motion to Strike, *Santiago Sosa et al. v. CitiMortgage, Inc*., No. 3:10-cv-02073-K (N.D. Tex. Aug. 15, 2011). Additionally, Plaintiffs have not provided a resume or an expert report. *See* Doc. 36. Because Plaintiffs cannot qualify as experts with regards to the any cause of action asserted herein, Plaintiffs should also be struck as an expert on this ground.

Defendants Hopkins Law, PLLC, Mark Daniel Hopkins and Shelley Luan Hopkins respectfully request that the Court grant Defendants' Motion, strike the expert designations and prohibit any expert designated by Plaintiffs from offering any testimony in this case in the capacity of an expert. Defendants further request all such other and further relief, at law or in equity, to which they are justly entitled.

Respectfully Submitted,

**HOPKINS LAW, PLLC**

By: */s/ Mark D. Hopkins*
**Shelley L. Hopkins**
State Bar No. 24036497
Southern District ID No. 926469
**Mark D. Hopkins**, *Attorney in Charge*
State Bar No. 00793975
Southern District ID No. 20322
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320
(512) 600-4326—Facsimile
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 21st day of May 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

**VIA CM/RRR # 7018 1830 0000 7292 0822**
**AND VIA E-MAIL:**
John Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339

**VIA CM/RRR # 7018 1830 0000 7292 0839**
**AND VIA E-MAIL:**
Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339

**PRO SE PLAINTIFFS**

                */s/ Mark D. Hopkins*
                Mark D. Hopkins